UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST LEE COX, JR., | No. 2:22-cv-00804-WBS-EFB (PC) |
| Plaintiff, | |
| v. | <u>ORDER AND FINDINGS AND RECOMMENDATIONS</u> |
| I. BAL, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983. On September 22, 2022, the undersigned screened plaintiff's original complaint pursuant to 28 U.S.C. § 1915A and determined that it stated a potentially cognizable Eighth Amendment claim against defendants Bal, Williams, and Patterson.[1] ECF Nos. 1 & 14. The complaint was served on these defendants, who seek an extension of time until April 26, 2023 to respond. ECF No. 26.

/////

/////

---

[1] Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

1

In its screening order, the court also found that the complaint failed to state a cognizable claim under the Americans with Disabilities Act ("ADA") and Rehabilitation Act ("RA"). The court granted plaintiff leave to amend as to these claims, "[a]lthough it appears unlikely that [the] defects [can] be cured through amendment[.]" ECF No. 14 at 5. Plaintiff subsequently filed a First Amended Complaint ("FAC"), which the court screens herein.[2]

As in the original complaint, plaintiff asserts an Eighth Amendment claim of deliberate indifference to his serious medical needs by defendants Bal, Williams, and Patterson, three Mule Creek State Prison officials who, in late 2020, allegedly permitted Covid-19 infected inmates to mingle with vulnerable inmates such as plaintiff, a 60-year-old cancer patient. Like the original complaint, the FAC sufficiently alleges an Eighth Amendment conditions of confinement claim against these three defendants.

The FAC also attempts to state an ADA claim, alleging that plaintiff was "excluded from or denied the benefit of a service and program, the single cell that was provided to all other inmates, high risk medical, due to immunological deficiencies." ECF No. 19 at 4. To state a claim under the ADA and/or the RA[3], plaintiff must allege: (1) he is an individual with a disability, (2) he is otherwise qualified to participate in or receive the benefit of a public entity's services, programs, or activities, (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity, and (4) such exclusion, denial of benefits, or discrimination was by reason of his disability. *Vos v. City of Newport Beach*, 892 F.3d 1024, 1036 (9th Cir. 2018). Here, as in the original complaint, the FAC does not allege that plaintiff was denied a single cell *because of* any alleged disability. *See* ECF No. 14 at 5.

---

[2] Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.

[3] "Title II of the ADA was expressly modeled after [Section] 504 of the Rehabilitation Act." *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001).

Moreover, there is no individual liability for defendants sued for Title II violations pursuant to section 1983. *See Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002) ("We therefore join the Fifth, Eighth, and Eleventh Circuits and hold that a plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA or section 504 of the Rehabilitation Act."). Instead, the proper defendant in an ADA action is the public entity responsible for the alleged discrimination. *United States v. Georgia*, 546 U.S. 151, 153 (2006). The term "public entity" includes state prisons. *See Pennsylvania Dept. of Corrs. v. Yeskey*, 524 U.S. 206, 210 (1998). As plaintiff seeks to sue under the ADA but does not name any public entity as a party, he fails to state a claim upon which relief can be granted under the ADA for this separate and additional reason.

Despite notice of the deficiencies in the complaint as to plaintiff's ADA and RA claims and the opportunity to amend, plaintiff is unable to state an ADA or RA claim upon which relief could be granted. The court finds that further leave to amend is not warranted. *See Plumeau v. School Dist. # 40*, 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave to amend appropriate where further amendment would be futile). Accordingly, the court recommends that these claims be dismissed with prejudice.

Accordingly, it is hereby ORDERED that:

1. Defendants' motion for extension of time (ECF No. 26) is DENIED as moot; and
2. The First Amended Complaint (ECF No. 19) sufficiently alleges an Eighth Amendment conditions of confinement claim against defendants I. Bal, M. Williams, and T. Patterson.

/////
/////
/////
/////
/////
/////
/////

1     Further, it is hereby RECOMMENDED that plaintiff's purported claims under the ADA and RA be DISMISSED with prejudice.

    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 30, 2023.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE